IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONNIE WAYNE DANIELS,

    Plaintiff,

v.                                                         CASE NO. 4:05-cv-171-MP-WCS

JAMES CROSBY, in his
individual capacity, and
JAMES McDONOUGH, in his
official capacity as Secretary,
Florida Department of Corrections,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 51, Report and Recommendations of the Magistrate Judge, recommending that Defendant's special report, which has been treated as a motion for summary judgment, Doc. 34, be granted. The Magistrate Judge filed the Report and Recommendation on Thursday, July 13, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Plaintiff has filed objections to the Magistrate's report, Doc. 52. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Serving a life sentence imposed in Kentucky, Plaintiff has been in the custody of the Florida Department of Corrections since 1988 pursuant to the Interstate Corrections Compact. Plaintiff's claim under 42 U.S.C.§ 1983 alleges that the Defendants violated Plaintiff's due process rights by unconstitutionally depriving him of property–wages, occupational training, and other benefits Plaintiff contends are owed him under Kentucky law. In his objections, the

Plaintiff states that the Magistrate misconstrues his due process claim.  Plaintiff restates that his denial of due process arises not from the refusal of the Florida Department of Corrections to pay him back wages, but through the Department ignoring administrative rules affecting Plaintiff's individual rights, namely FLA. ADMIN. CODE 33-21.01(5)(e).

Plaintiff's central argument is that he was denied due process when the Defendants ignored this rule, resulting in Plaintiff receiving gain time under Florida law instead of wages under Kentucky law.  However, as the Magistrate correctly points out, property rights are not created under the Constitution, but rather protected.  Plaintiff must first have a protectable right under state law to establish a due process claim.  Because a Florida appellate court has ruled that under Florida law Plaintiff does not have a property right to wages or rehabilitative programs, Plaintiff can not establish a due process claim.  This decision of the First District Court of Appeal concerning Florida law is binding on the federal courts.  As the Magistrate states: "Federal courts in Florida must follow the decisions of the intermediate courts of appeal in Florida when there are no state supreme court decisions on point." Doc. 51 at 9.

Further, because Plaintiff litigated this very issue before the circuit court for the Fourteenth Judicial Circuit, in and for Calhoun County, and the First District Court of Appeal, Plaintiff was afforded an opportunity to be heard and seek redress.  Therefore, as Plaintiff has not been deprived of any property or liberty interest that would form the basis of a due process claim, no genuine issue of material fact exists.   Therefore, having considered the Report and Recommendation and objections thereto filed, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendants' motion for summary judgment is GRANTED.

3. The Clerk is directed to enter judgment in favor of the Defendants.

**DONE AND ORDERED** this   *9th* day of August, 2006

$\qquad$ *s/Maurice M. Paul* $\qquad$
Maurice M. Paul, Senior District Judge